UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN FREDERICKSON, an individual; HEATHER CAUVEL, an individual; WILLIAM HYDE, an individual,<br><br>          Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY BOARD OF SUPERVISORS,<br><br>          Defendant. | Case No.:  21cv1958-LL-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION (FREE SPEECH UNDER THE FIRST AMENDMENT) WITH PREJUDICE**<br><br>**[ECF No. 5];**<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO REMAND REMAINING STATE CLAIMS**<br><br>**[ECF No. 8]** |

   Presently before the Court is Defendant County of San Diego's (erroneously sued as "San Diego Board of Supervisors") Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). ECF No. 5. Plaintiffs Shaun Frederickson, Heather Cauvel, and William Hyde filed an Opposition [ECF No. 7], and Defendant filed a Reply [ECF No. 9].

Also before the Court is Plaintiffs' Motion to Remand [ECF No. 8], Defendant's Opposition [ECF No. 10], and Plaintiffs' Reply [ECF No. 12]. The Motions are fully briefed, and the Court deems them suitable for submission without oral argument.

For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action for Violation of Free Speech Rights under the First Amendment of the United States Constitution with prejudice. It is further **ORDERED** that the Court declines supplemental jurisdiction over the remaining state law claims, and Plaintiffs' Motion to Remand is **GRANTED IN PART**.

**I.   Background**

On November 16, 2021, Defendant County of San Diego filed a Notice of Removal removing the instant case to federal court pursuant to 28 U.S.C. § 1441 and § 1446. ECF No. 1. The operative complaint is Plaintiffs' FAC filed on November 19, 2021. ECF No. 3-1. In the FAC, Plaintiffs bring the following causes of action against the Defendant: (1) Liberty of Speech, Article 1, Section 2, of the California Constitution; (2) Violation of Free Speech Rights under the First Amendment of the United States Constitution (3) Equal Protection Clause, Article 1, Section 7, of the California Constitution; (4) Liberty Clause: Article 1, Section 1, of the California Constitution; and (5) Right to Liberty and Substantive Due Process: Article 1, Sections 1 and 7, of the California Constitution. ECF No. 3-1. Plaintiffs' causes of action arise out of Resolution No. 21-142 (the "Resolution") that was passed by the County Board of Supervisors on August 31, 2021. FAC at ¶ 5. The Resolution is entitled "A Resolution of the Board of Supervisors of the County of San Diego Declaring Health Misinformation a Public Health Crisis." *See* Resolution at ECF No. 5-4 at 2-3.[1]

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"). The Court takes judicial notice of Exhibits 1 through 5, attached to Defendant County of San Diego's Request for Judicial Notice In Support of San Diego County's Motion to Dismiss the First Amended Complaint at ECF No. 5-3.

The gravamen of the allegations in Plaintiffs' FAC is that the Resolution violates Plaintiffs' civil rights including their right to free speech under the First Amendment and the "vagueness and overbreadth doctrines." FAC at ¶¶ 7-8. Defendant argues in the Motion to Dismiss that "the Resolution constitutes government speech that does not violate Plaintiffs' constitutional rights." MTD at 6. Specifically, Defendant County of San Diego argues that: (1)"[t]he Resolution is the Board of Supervisor's Expression of Opinion;" (2)"[t]he FAC fails to allege facts showing the resolution violates Plaintiffs' constitutional rights;" and (3)"[t]he Resolution constitutes government speech not subject to the First Amendment." *Id.* at 6-14. Plaintiffs oppose on the grounds that "the [R]esolution is a blatant attempt by the Defendant to infringe on the Plaintiffs' right to free speech under both the First Amendment of the United States Constitution and the California Constitution's Liberty of Speech." Oppo. at 2. Plaintiffs argue that "the Resolution itself is vague and overbroad in its application and is subject to a facial challenge on its constitutionality." *Id.* Plaintiffs further argue that "the plain meaning of the words used show the Resolution seeks to take an active role in regulating speech within San Diego County." *Id.*

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To avoid dismissal, a complaint must plead with enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### A. <u>First Amendment Claim</u>

##### 1. The Resolution Constitutes Government Speech that is Not Subject to the First Amendment.

To state a First Amendment claim, a plaintiff must allege that the government action complained of burdens protected speech, whether through restricting speech, punishing speech, or chilling people from engaging in speech. *See Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020) (First Amendment injury can include chilling speech); *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1019 (9th Cir. 2009) (First Amendment injury can include forcing plaintiff to modify speech). In order to state a claim under the First Amendment, the plaintiff's right to freedom of expression must have been in some way abridged by the challenged regulation or act; if the challenged government action has no effect on or relation to the protected expression, there can be no First Amendment injury.

As an initial matter, the Resolution is the Board of Supervisor's expression of opinion, which is distinct from an ordinance. *San Diego City Firefighters, Local 145 v. Bd. of Admin. of San Diego City Emps. Ret. Sys.*, 206 Cal. App. 4th 594, 607-08 (2012) (resolution is an expression of an opinion while an ordinance is a local law prescribing a rule of conduct). Plaintiffs' FAC states in relevant part that "[t]he Resolution resolved: 'That it is the sense of the Board of Supervisors that health misinformation is declared a public health crisis and the County of San Diego should commit to combatting health misinformation and curb the spread of falsehoods that threaten the health and safety of our residents." *See* Plaintiffs' FAC at ¶ 20; *see also* Resolution at ECF No. 5-4 at 2-3. Plaintiffs' FAC and arguments made in the Opposition fail to address the distinction between an ordinance and the "sense of the Board of Supervisors" resolution, which is an expression of their opinion. *See Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 958, and n.3 (9th Cir.

1999) ("sense of Congress resolutions do not have the force of law"); *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1415 (9th Cir. 1996) ("The written resolution is in essence a declaration of principle or conscience. . . . The resolution has no binding force on anyone."). The Resolution is the Board of Supervisor's position that health misinformation constitutes a public health crisis that should be combatted. Plaintiffs have failed to provide any evidence that it prohibits any speech or otherwise infringes on their First Amendment rights.

Additionally, Plaintiffs' FAC and Opposition fail to consider or otherwise address that the Resolution constitutes government speech not subject to the First Amendment. *See Miller v. Cal. Com. On Status of Women*, 151 Cal. App. 3d 693, 700 (1984) (there is a "critical First Amendment distinction between the government's addition of its own voice and the government's silencing of others."); *see also Pleasant Grove City v. Summum*, 555 U.S. 460, 467-68 (2009) (a government has the "right to speak for itself" and "say anything it wishes") (internal citations and quotations omitted). As the Court noted in relevant part in *Miller*:

> If the government, i.e., the Governor and legislative leaders, cannot appoint a commission to speak on the topic without implicating plaintiffs' First Amendment rights it may not address any other 'controversial' topics. If the government cannot address controversial topics it cannot govern.

151 Cal. App. 3d at 701 (internal citations and quotations omitted). Here, Plaintiffs fail to cite any evidence or supporting authority why the Resolution at issue would not be considered government speech and therefore not subject to the First Amendment. In light of this failure, Plaintiffs' vagueness and overbreadth arguments are also without merit. *Pleasant Grove*, 555 U.S. at 467 ("The Free Speech Clause . . . does not regulate government speech."); *see also Puphus v. Ayers*, 249 F. Supp. 3d 238, 254 (D.D.C. 2017).

Ultimately, even assuming Plaintiffs alleged facts (as opposed to the speculation and conclusion in the current FAC) that Defendant violated their First Amendment rights, the alleged "tweets" made by Supervisor Fletcher set forth in Plaintiffs' FAC and Opposition

are not properly before the Court for consideration at this time. *See, e.g.*, Oppo. at 6 ("Supervisor Fletcher had tweeted on September 9, 2021; 'Our action is not just symbolic, we will invest resources to call out misinformation and provide people with facts.'"); *see also* FAC ¶¶ 23-27. In interpreting the Resolution, the Court must first determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. If the language is "unambiguous and the statutory scheme is coherent and consistent," the Court's inquiry must cease. *Id.* at 340 (internal quotation marks omitted). Here, the Court finds that the language of the Resolution has a plain and unambiguous meaning that the County Board of Supervisors intended to proclaim that medical misinformation, within the context of the COVID-19 pandemic, is harmful and should be combatted. Accordingly, the Court's inquiry must end on the face of the Resolution. For the reasons set forth herein, Plaintiffs have not and cannot state a claim for a violation of their First Amendment rights arising out of the Resolution, and the second cause of action must be dismissed with prejudice.

Having dismissed Plaintiff's sole federal claim, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (*quoting Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also Holt v. First Franklin Fin. Corp.*, No. C 10-5929 SBA, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.") (citing 28 U.S.C. § 1367(c)(3)).

Here, because the Court is dismissing the only federal claim at the outset of the litigation, it is appropriate to decline supplemental jurisdiction over the state law claims.

*See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("Where, as here, all federal-law claims in the action have been eliminated and only pendent state-law claims remain, the district court has a powerful reason to choose not to continue to exercise jurisdiction."); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Accordingly, Plaintiffs' **MOTION TO REMAND** claims one and three through five is **GRANTED**.

In light of the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action for Violation of Free Speech Rights under the First Amendment of the United States Constitution is **GRANTED** and that claim is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that because the Court declines supplemental jurisdiction over the remaining state law claims, Plaintiffs' Motion to Remand is **GRANTED IN PART**. The Court hereby **REMANDS** to state court causes of action one and three through five in Plaintiffs' FAC. The Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated:  February 16, 2022

_____
Honorable Linda Lopez
United States District Judge